IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAURICE HARPER | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : | No. 17-1282 |
|  | : |  |
| BRITTAIN, | : |  |
| *SUPERINTENDENT*, et al. | : |  |

## ORDER

AND NOW, this 26th day of September, 2019, upon careful consideration of pro se Petitioner Maurice Harper's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the February 28, 2019, Report and Recommendation of United States Magistrate Judge David R. Strawbridge and Harper's objections thereto, it is ORDERED:

1. Harper's objections (Document 24) are OVERRULED;[1]

---

[1] On March 20, 2017, pro se Petitioner Maurice Harper filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus while incarcerated at State Correctional Institution (SCI) – Frackville. Harper seeks relief from his July 23, 2015, conviction for aggravated assault in the Philadelphia County Court of Common Pleas following a plea of nolo contendere. As a result, Harper was sentenced to two-and-a-half to five years of incarceration. Harper has been released from SCI – Frackville, but is serving the remainder of his sentence at a halfway house in Philadelphia, Pennsylvania. Harper's habeas petition seeks relief on two grounds: (1) the Pennsylvania Department of Corrections failed to award him credit for "time served," Pet. 8-9; and (2) he received ineffective assistance of counsel with respect to a December 6, 2012, bail hearing "because his own defense lawyers . . . conspired and filed motions . . . to have his already paid bail[] raised," *id.* at 10.

On February 28, 2019, Judge Strawbridge issued a Report and Recommendation (the R&R) recommending Harper's habeas petition be dismissed without an evidentiary hearing because his claims are procedurally defaulted. On March 14, 2019, Harper filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

Harper objects to the R&R insofar as it determined the procedural default of his ineffective assistance of counsel claim relating to the December 6, 2012, bail hearing is not excused. Harper does not object, however, to the R&R's finding that his ineffective assistance of counsel claim is, in fact, procedurally defaulted. The Court finds no error in the R&R's conclusion that the procedural default is not excused.

2. The Report and Recommendation (Document 23) is APPROVED and ADOPTED;

3. Harper's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document 1) is DENIED and DISMISSED; and

4. A certificate of appealability shall not issue, as Harper has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

---

A court may only consider a procedurally defaulted claim if the petitioner demonstrates (1) cause to excuse his failure to exhaust his state court remedies and actual prejudice; or (2) a fundamental miscarriage of justice from a failure to review the defaulted claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause and prejudice, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." *Id.* at 753. "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence." *Keller v. Larkins*, 251 F.3d 408, 415–16 (3d Cir. 2001) (citations omitted).

The R&R concluded Harper failed to set forth evidence demonstrating cause and prejudice or a miscarriage of justice. In his objections, Harper asserts he has shown cause and prejudice by demonstrating "his defense lawyers took on the role of the prosecutor['s] office when they submitted petitions on December 6, 2012 without his knowledge or consent to keep him incarcerated against his will and caused adverse effects, which caused prejudice and brought about a miscarriage of justice." Objs. 2. Harper's argument is misguided as he has failed to demonstrate "some objective factor external to the defense that prevented" him from completing one round of Pennsylvania's appellate review process. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). He has therefore failed to demonstrate cause and prejudice.

Lastly, Harper cannot make the requisite showing of actual innocence. Despite his assertion that "he argue[d] throughout his state court proceedings that he was innocent," Objs. 1, he has not met the "supremely high bar" to establish actual innocence, *Sitstrunk v. Rozum*, 674 F.3d 181, 192 (3d Cir. 2012) (citing *Schlup v. Delo*, 513 U.S. 298, 332 (1995), by presenting new evidence of his innocence, *see Keller*, 251 F.3d at 415-16 (noting a petitioner must demonstrate actual innocence "by presenting new evidence of innocence"). Having failed to establish cause and prejudice or a miscarriage of justice, Harper's ineffective assistance of counsel claim regarding the December 6, 2012, bail hearing remains unexcused.

Accordingly, Harper's objections are overruled, Judge Strawbridge's R&R is approved and adopted, and Harper's habeas petition is denied.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.